222 F.Supp.2d 1148 (2002)
CIS COMMUNICATIONS, L.L.C., a Missouri limited liability company, Plaintiff,
v.
COUNTY OF JEFFERSON, MISSOURI, a Missouri political subdivision, Defendant.
No. 4:01CV1177 TCM.
United States District Court, E.D. Missouri, Eastern Division.
October 17, 2002.
*1149 Michael C. Seamands, Helfrey and Simon, P.C., Stephen L. Beimdiek, Lashly and Baer, P.C., St. Louis, MO, for Plaintiff.
Michael J. Valenti, Dennis J. Kehm, Jr., Jefferson County Counselor's Office, Hillsboro, MO, for Defendant.

MEMORANDUM AND ORDER
MUMMERT, United States Magistrate Judge.
This case is before the Court on the motion of the County of Jefferson, Missouri ("Defendant") to dismiss and for partial judgment on the pleadings. Defendant specifically seeks the dismissal of, or judgment on, Count V of the five-count complaint filed by CIS Communications, L.L.C. ("Plaintiff") alleging, in relevant part, that Defendant violated the Telecommunications Act of 1996 ("TCA"), 47 U.S.C. §§ 151-615, by denying Plaintiff's application to construct a telecommunications tower in a residential zone in the County of Jefferson.[1] In Count V, Plaintiff seeks damages available under 42 U.S.C. § 1983an award of attorney's fees. Defendant argues that a § 1983 claim is foreclosed by the TCA.
The TCA was enacted "to increase competition in the area of telecommunications services and to ensure the delivery of universal service." Missouri Mun. League v. FCC, 299 F.3d 949, 951 (8th Cir.2002). In Nextel Partners, Inc. v. Kingston Township, 286 F.3d 687 (3rd Cir. 2002), the Third Circuit Court of Appeals decided whether an alleged violation of the TCA could be a basis for a § 1983 claim. Similarly to the instant case, a telecommunications service provider that had unsuccessfully sought to erect a communications tower filed suit against the municipality that had denied it the needed zoning variances. The provider claimed that the municipality violated the TCA by failing to prove its proposed facility and that the TCA violation was the basis for a § 1983 violation meriting an award of damages and attorney's fees. The district court *1150 dismissed the § 1983 claim. The Court of Appeals affirmed.
"In order to seek redress under § 1983, a plaintiff must assert the violation of a federal right' and not merely a violation of federal law." Id. at 694 (quoting Golden State Transit Corp. v. Los Angeles, 493 U.S. 103, 106, 110 S.Ct. 444, 107 L.Ed.2d 420 (1989)). "Thus, a plaintiff alleging a violation of a federal statute may not proceed under § 1983 unless (1) the statute creates `enforceable rights, privileges, or immunities within the meaning of § 1983' and (2) Congress has not `foreclosed such enforcement of the statute in the enactment itself.'" Id. (quoting Wright v. Roanoke Redevelopment & Housing Auth., 479 U.S. 418, 423, 107 S.Ct. 766, 93 L.Ed.2d 781 (1987)). If a statute, such as the TCA, creates a comprehensive remedial scheme it implicitly precludes a § 1983 claim. Id. "A key distinction between schemes that are sufficiently comprehensive to preclude a § 1983 claim and those that are not is the availability of private judicial remedies under the statute giving rise to the claim." Id. The Court noted that an aggrieved person could file an action under the TCA shortly after the adverse decision or failure to act and the court then had to hear and decide such action on an expedited basis. Id. at 694-95. This remedial scheme implicitly precluded a § 1983 action because it provided private judicial remedies that included both benefits and limitations. Id. at 694. Permitting a plaintiff to file a § 1983 claim for a TCA violation would circumvent the time limitations of the TCA and "[p]erhaps most important, attorney's fees would be available. TCA plaintiffs are often large corporations or affiliated entities, whereas TCA defendants are often small, rural municipalities .... Allowing TCA plaintiffs to recover attorney's fees from such municipalities might significantly alter the ACT's remedial scheme..." Id. at 695 (alterations and omissions added). See National Telecomm. Advisors, Inc. v. City of Chicopee, 16 F.Supp.2d 117, 122 (D.Mass.1998) ("[T]he comprehensiveness of the TCA's remedial scheme is perhaps best evidenced by the fact that the § 1983 statutory apparatus adds nothing to Plaintiff's remedial armament under the TCAexcept the opportunity to seek attorney's fees under § 1988." (alteration added)). See also Qwest Corp. v. City of Santa Fe, N.M., ___ F.Supp.2d ___ (D.N.M.2002) (same holding); Sprint Spectrum v. Town of Ogunquit, 175 F.Supp.2d 77, 93-94 (D.Me.2001) (same).
The Third Circuit Court of Appeals noted in its decision that the Eleventh Circuit Court of Appeals had reached the opposite conclusion in a decision that was later vacated and never reissued and that the District Courts were split in their decisions. Nextel, 286 F.3d at 695, n. 7 (citing AT&T Wireless PCS, Inc. v. City Of Atlanta, 210 F.3d 1322 (11th Cir.2000), vacated pending reh'g en banc, 260 F.3d 1320 (11th Cir.2001), and dismissed per stipulation, 264 F.3d 1314 (11th Cir.2001)).
In the instant action, Plaintiff hopes to use the alleged TCA violation to establish the basis for a § 1983 violation and claim for attorney's fees. The only remedy provided to Plaintiff by § 1983 that is not provided by the TCA is an award of attorney's fees. The Court agrees with the reasoning of the Third Circuit Court of Appeals that because the TCA provides a comprehensive scheme to Plaintiff to redress the alleged wrongdoing, a concurrent action under § 1983 is unavailable.[2]
*1151 Accordingly,
IT IS HEREBY ORDERED that Defendant's motion to dismiss Counts I and III is DENIED as moot.
IT IS FURTHER ORDERED that Defendant's motion to dismiss Count V is GRANTED.
NOTES
[1] Defendant also requests that Counts I and III be dismissed because both refer to Order 06-26-2001H. This Order was repealed and replaced by Order 07-26-2001B. Plaintiff has since amended its complaint to delete the references in both counts to the repealed Order and to add references to the correct Order. Defendant's motion to dismiss Counts I and III will therefore be denied as moot.
[2] The Court notes that two district court opinions, issued by the same judge, in the Eighth Circuit ruled to the contrary. APT Minneapolis, Inc. v. City of Maplewood, 1998 WL 634224 *7 (D.Minn. Aug. 12, 1998) and APT Minneapolis, Inc. v. Stillwater Township, 2001 WL 1640069 *14 (D.Minn. June 22, 2001). The Court is, however, persuaded by the well-reasoned opinion in Nextel, supra, and declines to follow those decisions.